UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
NOV 14 2017

| | |
|---|---|
| RANDY RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>AVERA MEDICAL GROUP BOARD OF DIRECTORS & ADMINISTRATORS (MCKENNAN);<br>AVERA MEDICAL GROUP BD OF DIRECTORS & ADMINISTRATORS (ST. LUKES);<br>UNKNOWN EMERGENCY ROOM DOCTOR;<br>UNKNOWN EMERGENCY ROOM NURSE;<br>UNKNOWN RADIOLOGIST-DOCTOR;<br>UNKNOWN SURGICAL TEAM;<br>UNKNOWN 2ND FLOOR STAFF FOR MCKENNAN;<br>ST. LUKES RADIOLOGIST-DOCTOR;<br>UNKNOWN ST. LUKES STAFF;<br>CORRECTIONAL HEALTH SERVICES BOARD OF DIRECTORS & ADMINISTRATORS;<br>DR. REGIER;<br>TAMMY TOP, PHYSICIAL ASSISTANT;<br>LISA, LAST NAME UNKNOWN, REGISTERED NURSE;<br>LEANN, LAST NAME UNKNOWN, REGISTRERED NURSE;<br>P. DOOR, LPN; AND<br>ANY AND ALL UNKNOWN STAFF;<br><br>Defendants. | 4:17-CV-04104-RAL<br><br>ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS |

Plaintiff, Randy Rindahl, moves for leave to proceed in forma pauperis. Doc. 5. The Prison Litigation Reform Act, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Rindahl has filed more than 3 cases that were dismissed as frivolous, malicious, or lacking merit. *See Rindahl v. Young et al*, Civ. 15-4182-RAL Docket 9 (citing *Rindahl v. Daugaard et al*, Civ. 11-04082-KES Docket 48 at 3-5; Docket 58 at 14, which in turn lists five previous cases dismissed as "strikes" under 1915(g)). He is, therefore, barred from filing a federal civil case unless he pays the filing fee in full or alleges imminent danger of serious physical injury.

In his complaint, Rindahl claims he is under imminent danger of serious physical injury. Doc. 1 at 2. Rindahl claims that a previously broken clavicle and rib could puncture his heart or lung and place him in danger of further injury. *Id.* Rindahl further alleges that he already has lung scarring, which was discovered in January of 2017. *Id.* Rindahl claims that these conditions "show a risk of further injury, and threat to life[.]" *Id.* at 16. Rindahl does not allege when the rib and clavicle break occurred. Rindahl does, however, allege that a St. Lukes's radiologist concealed the broken clavicle and rib in January of 2017. *See id.* at 12. From this, the Court can infer that the rib and clavicle break occurred in or before January of 2017.

The imminent danger of serious physical injury exception ". . . focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). To establish that the inmate is under imminent danger of serious physical injury, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing a likelihood of imminent serious physical injury." *Id.* For example, the "imminent-

danger-of-serious-physical-injury standard was satisfied . . . when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir.2002)." *Id.*; *see also Voth v. Lytle*, 2005 WL 3358909, at *1 (D. Or. Dec. 8, 2005) (imminent danger standard satisfied where a plaintiff experienced severe pain and constant rectal bleeding for four months and believed something had ruptured in his lower stomach); *Perez v. Sullivan*, 2005 WL 3434395 at *1 (W.D. Wis. Dec. 13, 2005) (imminent danger standard satisfied where Plaintiff alleged severe pain stemming from spinal arthritis and chronic nerve root damage for which a disk laminectomy had been recommended).

In *McAlphin*, the plaintiff was experiencing extreme pain from loose and infected teeth, which caused bleeding, swelling, and trouble sleeping and eating. Here, Rindahl demonstrates no immediate danger of physical injury and instead contends that his past ailments could cause further injury. Doc. 1 at 16; *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("conclusory assertions" were insufficient to "invoke the exception to § 1915(g)"). Rindahl's case is more similar to *Cole v. McNeil*, 2010 WL 2872211, at *2 (N.D. Fla. April 13, 2010). In *Cole*, the Northern District of Florida found no imminent danger where plaintiff had a previously broken rib that plaintiff acknowledged had healed but was "still 'significantly displaced [.]' " *Id.* Similarly, Rindahl's broken rib and clavicle occurred well before his allegation of imminent danger. Doc. 1 at 12. Rindahl also does not contend his rib and clavicle remain significantly displaced or have failed to heal. Liberally construed, Rindahl's complaint does not satisfy the imminent danger of serious physical injury standard.

Accordingly, it is

ORDERED that Rindahl's motion for leave to proceed in forma pauperis (Doc. 5) is denied.

IT IS FURTHER ORDERED that Rindahl shall pay the full filing fee of $400 to the clerk of court within thirty (30) days after receipt of this Order if he wishes to proceed. If he fails to do so, the case will be dismissed without prejudice.

DATED November 14, 2017.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE